IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BOARD OF REGENTS, THE UNIVERSITY
OF TEXAS SYSTEM and TISSUEGEN, Inc.

                  Plaintiffs,

                      Civil Action No. 18-392-GBW

        v.

BOSTON SCIENTIFIC Corp.

                  Defendant.

---

## **MEMORANDUM ORDER**

Plaintiffs TissueGen, Inc.'s and the Board of Regents, The University of Texas System's (collectively, "UT") First Amended Complaint alleges that Defendant Boston Scientific Corp. ("BSC") directly, indirectly, and willfully infringed, via its "Synergy" brand coronary stents (the "Accused Products"), claims 1, 11, 12, 17, and 26 (the "Asserted Claims") of U.S. Patent No. 6,596,296 ("the '296 patent"). D.I. 124 ¶¶ 1–3, 79, 89, 93–94. Pending before the Court is BSC's Motion to Bifurcate (D.I. 247, the "Motion"). The Court has reviewed the parties' briefing. D.I. 248; D.I. 253; D.I. 257. The Court grants the Motion because bifurcation could conserve judicial resources and will enhance juror comprehension.

## I.    **BACKGROUND**

On October 6, 2022, the Court denied motions by BSC for summary judgment of noninfringement and no willful infringement, set a final pretrial conference for January 12, 2023, and set a five-day jury trial to begin on January 25, 2023.[1] D.I. 243 at 1, 17. In its Memorandum Order, the Court gave the parties the following instructions:

---

[1] The Court is scheduled to preside over a different jury trial from January 17 to January 23. *See* C.A. Docket No. 20-887, D.I. 284. Thus, the parties should try to resolve pretrial and evidentiary issues well before trial.

> No later than October 21, 2022, the parties shall meet and confer to determine whether to bifurcate infringement and invalidity from damages and willfulness and try this case in two phases to a single jury. The Court recognizes the potential value of bifurcation where, as here, the issue of willfulness is close at summary judgment. The Court instructs the parties to consider what evidence may be limited to a willfulness/damages phase. After the parties meet and confer, either party may file . . . a motion to bifurcate that describes what evidence should be limited to a willfulness/damages phase.

D.I. 243 at 16–17. The parties met and conferred, D.I. 248 at 1 n.1, and this Motion followed.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) permits the Court to order a separate trial of one or more separate issues "[f]or convenience, to avoid prejudice, or to expedite and economize . . . ." If a party moves for bifurcation, it has the burden to establish that bifurcation "is appropriate." *SenoRx, Inc. v. Hologic, Inc.*, 920 F. Supp. 2d 565, 567 (D. Del. 2013) (citations omitted); *Sprint Commc'ns Co. L.P. v. Charter Commc'ns, Inc.*, 2021 WL 982730, at *1 (D. Del. Mar. 16, 2021). The district court has "broad discretion" when it decides "whether to separate the issues[,]" *Idzojtic v. Pennsylvania R. Co.*, 456 F.2d 1228, 1230 (3d Cir. 1972); *see Thabault v. Chait*, 541 F.3d 512, 529 (3d Cir. 2008) (citing *Idzojtic*, 456 F.3d at 1230), though "'bifurcation remains the exception rather than the rule.'" *Sprint Commc'ns*, 2021 WL 982730, at *1 (citation omitted). The Court "'should consider whether bifurcation will avoid prejudice, conserve judicial resources, and enhance juror comprehension . . . .'" *Id.* (citation omitted); *see* 9A Arthur R. Miller & Charles Allan Wright, Federal Practice and Procedure § 2388 (3d ed. 2022) (explaining that decisions under Rule 42(b) are "left to the sound discretion of the trial court").

## III.   DISCUSSION

BSC asks the Court to bifurcate trial into two phases: first, direct patent infringement and invalidity and, second, willful infringement, damages, "and knowledge and intent for induced infringement . . . ." D.I. 248 at 1. BSC argues that bifurcation will potentially reduce trial length

and the need for witness testimony, "enhance juror comprehension by separately focusing on the

technical aspects of direct infringement and invalidity[,]" and reduce prejudice from

"inflammatory" willful infringement evidence. D.I. 248 at 1. UT argues that bifurcation would

"expos[e] the jury to redundant and piecemeal testimony" without aiding jury comprehension or

meaningfully reducing prejudice. D.I. 253 at 1. The Court grants the Motion because

bifurcation could conserve judicial economy and will enhance juror comprehension.

**A.    Conservation Judicial Resources**

The Court finds that a bifurcated trial may conserve judicial resources. UT argues that

overlapping testimony between BSC's two proposed phases would require additional trial days.

D.I. 253 at 3. For example, in both its direct and willful infringement cases, UT will discuss and

present witness testimony relevant to a prior BSC patent application and BSC's application to

FDA to sell the Accused Products. D.I. 253 at 3–6. However, the use of a single jury in both

trial phases will allow jurors to carry background about witnesses and documents from the first

phase into the second phase of trial. Further, UT acknowledges that the substance of several of

the witnesses' testimony will differ by phase. For example, UT will call "Defendant's corporate

representative and employees such as Dr. Yen Lane Chen" at the infringement phase to testify

"that fibers can be applied to and formed on the outer surface of a stent," but will call them at the

willfulness phase to testify about interactions with the inventor of and knowledge of the '296

patent. *See* D.I. 253 at 4, 6. Thus, UT's witnesses may not need to repeat testimony in both trial

phases. *See* D.I. 248 at 14 (listing issues that BSC argues are confined to the second phase).

The Court could also save multiple days of trial—e.g., by eliminating expert damages

testimony—if the jury finds for BSC on infringement or invalidity. UT argues that no reduction

in trial time would result if the jury finds for UT in the first phase. D.I. 253 at 7–8. However,

the Court need not fully discount that potential reduction in trial time because it is not

guaranteed. *See Lab'y Skin Care, Inc. v. Ltd. Brands, Inc.*, 757 F. Supp. 2d 431, 442 (D. Del. 2010) (discussing benefits of bifurcation from a possible finding of no liability); *see also* D.I. 257 at 2 (same). UT is also incorrect that jury deliberation in the middle of trial will increase case length. *See* D.I. 253 at 7. The jury must deliberate as to the same issues, whether after a first phase or after the whole trial. Thus, the Court finds that the potential savings in judicial resources from bifurcation far outweigh the minimal costs a phased trial may impose.

## B.    Juror Comprehension

BSC argues that a phased trial would focus jurors' attention on a limited number of legal issues and a smaller set of relevant evidence. D.I. 248 at 14. The Court agrees with UT that, "in this District, juries routinely decide complex liability and damages issues at the same trial." *Evertz Microsystems Ltd. v. Lawo Inc.*, 2021 WL 706457, at *2 (D. Del. Feb. 23, 2021); D.I. 253 at 8. However, a focus only on technical issues in the first phase, such as what the parties argue that the prior art teaches, will help jurors comprehend evidence of invalidity and infringement. *See* D.I. 248 at 14–15 (describing technical issues likely to emerge at trial).

UT contends that BSC's bifurcation proposal is "convoluted" and unprecedented because it separates induced infringement into two phases: first, direct infringement and, second, "knowledge and intent" to induce infringement. D.I. 253 at 9. "A defendant is liable for induced infringement under [35 U.S.C.] § 271(b) if the defendant took certain affirmative acts to bring about the commission by others of acts of infringement and had knowledge that the induced acts constitute patent infringement." *Roche Diagnostics Corp. v. Meso Scale Diagnostics, LLC*, 30 F.4th 1109, 1117–18 (Fed. Cir. 2022) (internal quotation marks and citations omitted). In its Amended Complaint, UT alleges that BSC "actively induced third-party direct infringement" of the Asserted Claims of the '296 patent by encouraging (i) "surgeons and other clinicians" to use and (ii) BSC subsidiaries and affiliates "to sell, offer to sell, and/or import" the Accused

4

Products. D.I. 124 ¶ 89. The jury must first decide whether the Accused Products infringe the Asserted Claims to decide direct infringement, and the jury must then consider whether BSC had knowledge of infringement and the intent to infringe when it evaluates willful infringement. *See SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021) (requiring a finding of "'deliberate or intentional infringement'" (citation omitted)). Thus, the Court finds that BSC's proposed separation of the issues is logical, rather than convoluted, and helpful to the jury.

## C.    Prejudice

The Court finds that a reduction in prejudice to BSC weighs in favor of bifurcation. BSC argues that UT is "likely to tell a story" that UT "got an important patent and told [BSC] about their technology; [BSC] was greedy, intentionally stole the invention," and profited therefrom; and UT "got nothing." D.I. 248 at 10. That story, BSC argues, has nothing "to do with the objective question of whether the [Accused Products] meet[] all the limitations" of the Asserted Claims of the '296 patent "or whether the patent is invalid." *Id.* UT does not challenge BSC's description of UT's likely trial narrative. Instead, UT argues that BSC's "claims of prejudice are predicated on the false premise that the issues related to knowledge and intent of inducement, willfulness, and damages may be compartmentalized from the rest of this case." D.I. 253 at 10. Rather, UT argues, the need to present a piecemeal case to the jury will prejudice UT. *Id.*

As explained above, even where witnesses and documents overlap across the two trial phases, the substance of the testimony that UT will elicit from witnesses will differ by trial phase. Thus, UT will not suffer meaningful prejudice from bifurcation. UT's description of BSC's alleged willful infringement could encourage a jury to find that BSC infringed the '296 patent for reasons unrelated to a comparison of the Accused Products to the Asserted Claims. The Court also found that "UT's evidence of post-suit willfulness is limited." D.I. 243 at 16 n.3. That finding increases the risk that UT's willfulness evidence could bias the jury's infringement

and invalidity decisions. However, "[c]ourts regularly ask juries to set aside their biases and resolve thorny factual questions." *Victaulic Co. v. ASC Engineered Sols., LLC*, 2022 WL 4748619, at *4 (D. Del. Oct. 3, 2022) (footnote omitted). When the Court weighs the risk of prejudice to BSC against the ability to mitigate that prejudice (e.g., through a jury instruction), the Court finds that the potential to reduce prejudice to BSC weighs in favor of bifurcation.

## IV. CONCLUSION

For the reasons above, the Court finds that BSC has met its burden and the Court will bifurcate the trial into two phases. During the first phase, the jury will hear evidence of direct infringement and invalidity and evaluate and rule on those issues. During the second phase, if necessary, the jury will hear evidence on willful infringement, damages, and knowledge and intent for induced infringement. Each side will have thirteen (13) hours to present their complete case, inclusive of argument time (e.g., raising evidentiary issues to the Court), and the parties may allocate their respective trial time across the two phases as they so choose. Typically, the Court will split argument time evenly between the parties. The parties shall submit proposed preliminary and final jury instructions for each phase of the trial "seven (7) business days before the final pretrial conference."[2] *See* D.I. 47 ¶ 20.

WHEREFORE, at Wilmington this ___2nd___ of December, 2022, **IT IS HEREBY ORDERED** that BSC's Motion to Bifurcate (D.I. 247) is **GRANTED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[2] For an example of jury instructions in a phased trial, *see* C.A. Docket No. 19-97-CFC, D.I. 447; D.I. 448; D.I. 449; D.I. 450 (including only infringement in the first phase and invalidity and damages in the second phase).