IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOARD OF REGENTS, THE UNIVERSITY OF TEXAS SYSTEM and TISSUEGEN, INC., | ) ) ) ) | |
| *Plaintiffs*, | ) ) | C.A. No. 1:18-cv-00392-GBW |
| v. | ) ) | |
| BOSTON SCIENTIFIC CORPORATION, | ) ) ) ) | |
| *Defendant*. | ) | |

## PROPOSED JOINT FINAL PRETRIAL ORDER

The following matters as to trial come before the Court at a final pretrial conference to be held on January 12, 2023, pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16. The joint plaintiffs ("Plaintiffs") in this action for patent infringement are Board of Regents ("UTBOR") of The University of Texas System and TissueGen, Inc. ("TissueGen"). The defendant is Boston Scientific Corporation ("Boston Scientific" or "Defendant"). The parties submit this proposed Final Pretrial Order for the Court's approval and to govern the jury trial that begins January 25, 2023. This Final Pretrial Order contains all materials required pursuant to Local Rule 16.3(c) and the Court's Scheduling Order. Where the parties have competing proposals or statements, such language is preceded by bolded text.

## TABLE OF CONTENTS

I.     NATURE OF THE CASE .................................................................................1

     A.    The Parties .................................................................................1

     B.    Nature of the Action.................................................................1

II.    FEDERAL JURISDICTION .........................................................................4

III.   FACTS REQUIRING NO PROOF ...............................................................5

IV.   ISSUES OF FACT TO BE LITIGATED......................................................6

V.    ISSUES OF LAW TO BE LITIGATED.......................................................6

VI.   BRIEF STATEMENT OF INTENDED PROOFS.........................................6

VII.  WITNESSES.................................................................................................7

     A.    Witnesses Expected to be Called at Trial .................................7

     B.    Testimony by Deposition..........................................................8

     C.    Impeachment with Prior Inconsistent Testimony ....................10

     D.    Objections to Expert Testimony ...............................................10

VIII. EXHIBITS ...................................................................................................10

     A.    Trial Exhibits ...........................................................................10

     B.    Demonstrative Exhibits............................................................13

IX.   MOTIONS *IN LIMINE* ...............................................................................15

X.    MISCELLANEOUS STIPULATIONS .........................................................15

XI.   DISCOVERY................................................................................................15

XII.  JURORS.......................................................................................................15

XIII. LENGTH OF TRIAL AND PROPOSED ORDER OF TRIAL .......................15

XIV. MOTIONS FOR JUDGMENT AS A MATTER OF LAW .............................17

XV.  AMENDMENTS TO THE PLEADINGS ......................................................17

XVI. SETTLEMENT.............................................................................................17

XVII. PLAINTIFFS' APPLICATION FOR JUDICIAL NOTICE ............................17

## INDEX OF EXHIBITS

**STATEMENT OF UNCONTESTED FACTS WHICH REQUIRE NO PROOF**
Joint                                    Exhibit 1

**STATEMENT OF FACTS THAT REMAIN TO BE LITIGATED**
Plaintiffs                               Exhibit 2
Boston Scientific                        Exhibit 3

**STATEMENT OF ISSUES OF LAW THAT REMAIN TO BE LITIGATED**
Plaintiffs                               Exhibit 4
Boston Scientific                        Exhibit 5

**BRIEF STATEMENT OF INTENDED PROOF**
Plaintiffs                               Exhibit 6
Boston Scientific                        Exhibit 7

**TRIAL WITNESSES**
Plaintiffs                               Exhibit 8
Boston Scientific                        Exhibit 9

**DEPOSITION DESIGNATIONS**
Plaintiffs                               Exhibit 10
Boston Scientific                        Exhibit 11

**EXHIBITS**
Joint                                    Exhibit 12
Plaintiffs                               Exhibit 13
Boston Scientific                        Exhibit 14

**MOTIONS *IN LIMINE***
Plaintiffs MIL 1                         Exhibit 15
Plaintiffs MIL 2                         Exhibit 16
Plaintiffs MIL 3                         Exhibit 17

Boston Scientific's MIL 1                Exhibit 18
Boston Scientific's MIL 2                Exhibit 19
Boston Scientific's MIL 3                Exhibit 20

**JUDICIAL NOTICE APPLICATIONS**
Plaintiffs                               Exhibit 21

## I.      NATURE OF THE CASE

### A.      The Parties

1.      Plaintiff UTBOR, an arm of the State of Texas, is the governing body for the University of Texas System and has a principal place of business at 201 West 7th Street, Austin, Texas 78701. UTBOR is listed as the assignee of U.S. Patent No. 6,596,296 (the "'296 patent") titled "Drug Releasing Biodegradable Fiber Implant." **[Plaintiffs' Position:** On August 16, 2022, the Court denied (*see* D.I. 237) Boston Scientific's motion (*see* D.I. 128) seeking to dismiss UTBOR for an alleged lack of standing. This Court found that UTBOR is a proper plaintiff in this action, UTBOR is the "patentee," UTBOR retained exclusionary rights in the '296 patent, and UTBOR's exclusive license agreement with TissueGen was not an assignment of the '296 patent. (*See* D.I. 237.)**]**

2.      Plaintiff TissueGen is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 2110 Research Row, Suite 330, Dallas, Texas 75235. TissueGen claims to hold an exclusive license to the '296 patent pursuant to a license agreement with UTBOR.

3.      Defendant Boston Scientific is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 300 Boston Scientific Way, Marlborough, Massachusetts 01752.

### B.      Nature of the Action

4.      This is a patent infringement action in which Plaintiffs UTBOR and TissueGen accuse Boston Scientific of infringing claims 1, 11, 12, 17, and 26 (the "Asserted Claims") of the '296 Patent through the sale, offering for sale, importation, manufacture, and use of Boston Scientific's Synergy™ stents (the "Synergy Stents"). **[Plaintiffs' Position:** It is Plaintiffs' position that the Synergy Stents includes certain thin-strut stent systems designed to deliver everolimus

from discrete regions of a poly-lactide-co-glycide (PLGA) biodegradable polymer applied as fibers on the abluminal surface of the stent's serpentine rings.] [**Boston Scientific's Position:** Boston Scientific disagrees with Plaintiffs' characterization of the Synergy Stents, including because the Synergy Stents are not "designed to deliver everolimus from discrete regions of a poly-lactide-co-glycide (PLGA) biodegradable polymer applied as fibers on the abluminal surface of the stent's serpentine rings."] [**Plaintiffs' Position:** Plaintiffs contend the accused Synergy Stents include all brands, versions, and models of the Synergy Everolimus-Eluting Platinum Chromium Coronary Stent System and Synergy XD Everolimus-Eluting Platinum Chromium Coronary Stent System made, used, sold, or offered for sale in the United States, or imported into the United States, including those products marketed or distributed under FDA premarket approval (PMA) No. P150003 and supplements S001 to S0062 thereto; those products marketed and distributed under the part numbers identified by BSC in response to Plaintiffs' Interrogatory No. 2 and all supplemental responses thereto, including the part numbers listed in the spreadsheet BSC produced in response, bearing bates number BSC-UTEX-00109825; and all substantially similar products made or used in the United States, whether in preclinical or clinical trials, leading up to FDA approval.] [**Boston Scientific's Position:** Boston Scientific disagrees with this characterization of the Synergy Stents, including at least because the accused Synergy Stents do not include "all substantially similar products made or used in the United States, whether in preclinical or clinical trials, leading up to FDA approval."]

5.   Plaintiffs also accuse Boston Scientific of infringing the Asserted Claims of the '296 Patent by actively inducing third-party importation, sale, and use of the Synergy Stents.

6.   Plaintiffs UTBOR and TissueGen claim damages through August 18, 2020 (when the '296 Patent's term ended) from Boston Scientific's infringement as follows: damages adequate

to compensate for the infringement, but in no event less than a reasonable royalty. Plaintiffs also seek a finding that Boston Scientific's infringement was willful, an enhancement of the awarded damages in light of Boston Scientific's willful infringement, pre-judgment and post-judgment interest, and an award of costs and attorneys' fees.

7.      Boston Scientific denies all of Plaintiffs' infringement and willfulness allegations. In particular, Boston Scientific asserts that the coating of the Synergy Stents does not meet the limitations required by the Asserted Claims. For example, the coating is not a "biodegradable polymer fiber," it does not have a "first phase" or a "second phase" as those terms have been construed by the Court, and it does not have "first and second phases being immiscible." In addition, Boston Scientific asserts that each of the Asserted Claims of the '296 Patent are invalid as anticipated by one or more prior art reference, invalid as obvious in view of the prior art, and invalid for lack of written description and indefiniteness under 35 U.S.C. § 112.

8.      Even in the event the Synergy Stents are found to infringe, Boston Scientific asserts that Plaintiffs' damages claims are barred prior to the filing of the complaint in this action due to TissueGen's failure to comply with the marking requirements of 35 U.S.C. § 287. Boston Scientific further contends that Plaintiffs are not entitled to recover the amount of damages sought, including even if they are entitled to pre-suit damages.

9.      This Court issued a claim construction order on April 15, 2021 (D.I. 90) construing certain terms of the '296 patent including "first phase," "second phase," "immiscible," and "radioactive agent." (*See* D.I. 90 at 1.) **[Plaintiffs' Position:** In addition, the Court initially construed the term "fiber" as having its plain and ordinary meaning and found that the phrase "the first and second phases being immiscible" was not indefinite based on the Court's understanding at the time. (*Id.* at 5-6.) The Court construed the term "fiber" again on November 17, 2022 "as

taking its plain and ordinary meaning to a person of ordinary skill in the art, which is a 'thread-like structure of any length or shape.'" (D.I. 256; *see also generally* D.I. 255.)**]** **[Boston Scientific's Position:** In addition, the Court found that the phrase "the first and second phases being immiscible" was not indefinite based on the Court's understanding at the time. (*Id.* at 5-6.) The Court construed the term "fiber" on November 17, 2022. In its conclusion, the Court stated the following: "the Court construes 'fiber' as taking its plain and ordinary meaning, which is 'a thread-like structure of any length or shape.'" (D.I. 255 at 20.)**]**

10.     On December 12, 2022, The Court issued an order to bifurcate trial into two phases. (D.I. 260.) In its conclusion, the Court stated the following: "During the first phase, the jury will hear evidence of direct infringement and invalidity and evaluate and rule on those issues. During the second phase, if necessary, the jury will hear evidence on willful infringement, damages, and knowledge and intent for induced infringement. Each side will have thirteen (13) hours to present their complete case, inclusive of argument time (e.g., raising evidentiary issues to the Court), and the parties may allocate their respective trial time across the two phases as they so choose. Typically, the Court will split argument time evenly between the parties. The parties shall submit proposed preliminary and final jury instructions for each phase of the trial 'seven (7) business days before the final pretrial conference.'" *Id*. at 6.

11.     The operative pleadings are Plaintiffs' First Amended Complaint for Patent Infringement (D.I. 124) and Boston Scientific's Answer to First Amended Complaint for Patent Infringement (D.I. 238).

## II.     FEDERAL JURISDICTION

12.     This Court has federal-question jurisdiction over this action because it arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

13.     This Court has original jurisdiction over the subject matter of this controversy under 28 U.S.C. §§ 1331, 1338, and the patent laws of the United States, 35 U.S.C. § 271 *et seq*.

14.     Boston Scientific denies that there is subject matter jurisdiction over claims brought by UTBOR due to UTBOR's lack of standing. However, on August 16, 2022, the Court denied (*see* D.I. 237) Boston Scientific's motion (*see* D.I. 128) seeking to dismiss UTBOR for an alleged lack of standing. **[Plaintiffs' Position:** This Court found that UTBOR is a proper plaintiff in this action, UTBOR is the "patentee," UTBOR retained exclusionary rights in the '296 patent, and UTBOR's exclusive license agreement with TissueGen was not an assignment of the '296 patent. (*See* D.I. 237.)**] [Boston Scientific's Position:** Boston Scientific continues to contend that UTBOR lacks standing and is not a proper plaintiff.**]**

15.      All parties have consented to the personal jurisdiction of this Court in this District for the purposes of this action, and thus no party contests personal jurisdiction for purposes of this action.

16.     No party contests venue for purposes of this action in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

III.     **FACTS REQUIRING NO PROOF**

17.     Per agreement of the parties, the facts listed in **Exhibit 1** are not contested for purposes of trial. These uncontested facts shall require no proof at trial and will become part of the evidentiary record at trial once introduced to the jury. Any party may read or introduce any of the uncontested facts to the jury at any time without prior notice and the jury should be instructed that the undisputed facts are to be taken as true in their deliberations.

## IV.    ISSUES OF FACT TO BE LITIGATED

18.    If the Court determines that any issue identified in the statements of issues of fact is more properly considered an issue of law, it should be so considered.

19.    **[Boston Scientific's Position:** In view of the Court's bifurcation order, certain of the issues of fact will only be pertinent to one of the phases.**]**

20.    Plaintiffs' statement of the issues of fact that remain to be litigated is set forth in **Exhibit 2**.

21.    Boston Scientific's statement of the issues of fact that remain to be litigated is set forth in **Exhibit 3**.

## V.    ISSUES OF LAW TO BE LITIGATED

22.    If the Court determines that any issue identified in the statement of issues of law is more properly considered an issue of fact, it should be so considered.

23.    **[Boston Scientific's Position:** In view of the Court's bifurcation order, certain of the issues of law will only be pertinent to one of the phases.**]**

24.    Plaintiffs' statement of the issues of law that remain to be litigated is set forth in **Exhibit 4**.

25.    Boston Scientific's statement of the issues of law that remain to be litigated is set forth in **Exhibit 5**.

## VI.    BRIEF STATEMENT OF INTENDED PROOFS

26.    **[Boston Scientific's Position:** In view of the Court's bifurcation order, certain of the issues to be proven will only be pertinent to one of the phases.**]**

27.    Plaintiffs' brief statement of intended proofs is set forth in **Exhibit 6**.

28.    Boston Scientific's brief statement of intended proofs is set forth in **Exhibit 7**.

## VII.   WITNESSES

### A.   Witnesses Expected to be Called at Trial

29.    In **Exhibit 8** Plaintiffs identify the names of the witnesses they intend to call to testify at trial and whether each witness will testify in person or by deposition.

30.    In **Exhibit 9**, Boston Scientific identifies the names of the witnesses they intend to call to testify at trial and whether each witness will testify in person or by deposition.

31.    **[Boston Scientific's Position:** In view of the Court's bifurcation order, certain testimony will only be pertinent to one of the phases.**]**

32.    The parties may call any witness necessary for the purpose of impeachment or authenticating a document. The parties reserve the right to revise or supplement their respective trial witness lists consistent with the Pretrial Order or as otherwise permitted by the Court.

33.    The parties agree that fact witnesses will be sequestered.  The parties agree that expert witnesses need not be sequestered. **[Plaintiffs' Position:** Notwithstanding the foregoing, a single corporate representative need not be sequestered even if the corporate representative may also be a fact witness.**]**

34.    Each party will identify in good faith by email to the opposing parties the final list of the witnesses the party intends to be called live no later than 6:00 p.m. EST on January 10, 2023.

35.    On January 23, 2023, each party shall provide a good faith list of the witnesses it expects to call during the trial in the order in which it expects to call them. During trial, each party shall provide notice by email no later than 10:00 a.m. EST of all witnesses intended to be presented live during direct examination the next day at trial. Such notice shall indicate the intended order of call of live and deposition witnesses for the following day.

**B.  Testimony by Deposition**

36.  Federal Rule of Civil Procedure 32 and the Federal Rules of Evidence shall govern the use of deposition testimony.

37.  **[Boston Scientific's Position:** In view of the Court's bifurcation order, certain testimony will only be pertinent to one of the phases.**]**

38.  The deposition testimony that Plaintiffs may offer into evidence is identified in **Exhibit 10**, along with Boston Scientific's objections and counter-designations thereto.

39.  The deposition testimony that Boston Scientific may offer into evidence is identified in **Exhibit 11**, along with Plaintiffs' objections and counter-designations thereto.

40.  This pretrial order contains the universe of deposition designations, counter-designations, and objections to admissions of deposition testimony currently contemplated by the parties; none of the foregoing shall be supplemented without approval of all parties or leave of the Court, on good cause shown.

41.  Any party may use testimony that is designated by another party, to the same effect as if it had initially designated the testimony as its own, subject to all objections.

42.  For any witness whose testimony the parties intend to present at trial by deposition, the parties shall identify a list of deposition designations to be played to the jury and the proposed exhibits used in the designations by 7:00 p.m. EST two (2) calendar days before the designations are to be played to the jury. The party receiving the designations shall inform the opposing party of any objections by 7:00 p.m. EST one calendar day prior to the testimony being offered into the record. If good faith efforts to resolve the objections fail, the party objecting to the designations shall bring its objections to the Court's attention, by submitting to the Court the relevant transcript and a summary of the objections, prior to the designations being played to the jury.

43.     Colloquy between counsel, requests to have the court reporter read back a question, and objections will be eliminated when the deposition is played at trial.

44.     When the witness is called to testify by deposition at trial, the party calling the witness shall provide the Court with two (2) copies of the transcript of the designations and counter-designations that will be played.

45.     The designations and counter-designations will be read or played by video at the same time in the order they appear in the transcript.  The parties will be charged for time according to the following proportions:  each side shall be charged only with the time needed to play its own designations or counter-designations and will not be charged with the time necessary to play the other side's designations or counter-designations.

46.     The party offering the testimony is responsible for preparing video deposition clips of all designated testimony for that witness. A copy of the video deposition clips shall be provided to the opposing party no later than 8:00 p.m. EST the day before the deposition testimony is expected to be played, or state in writing that the deposition will be read into the record.

47.     For those witnesses whose depositions will be played or read, the parties shall be permitted to make brief transition statements to introduce the witnesses by name, position or title, and/or the company with which he or she is associated, the time for which shall be charged to the party offering the witness's testimony, unless otherwise agreed to by the parties. However, counsel shall not be permitted to argue or comment on the evidence during transition statements.

48.     If a party intends to use deposition testimony during its opening statement, the party shall disclose the testimony by 2:00 p.m. EST one (1) day before opening statements. The parties will provide any objections to such testimony by 6:00 p.m. EST the same day, and the parties will meet and confer by 8:00 p.m. EST the same day. If good faith efforts to resolve the objections fail,

the party objecting to the deposition testimony shall bring its objections to the Court's attention the next day before opening statements.

### C.     Impeachment with Prior Inconsistent Testimony

49.     The above procedures regarding deposition designations do not apply to portions of deposition transcripts and/or video used for impeachment or cross-examination of a witness. Any deposition testimony may be used at trial for the purpose of impeachment or cross-examination, regardless of whether a party identified that testimony on its list of deposition designations.  The parties agree that they may object to the use of deposition and other prior testimony for impeachment purposes, including objections based on lack of completeness and/or lack of inconsistency.

### D.     Objections to Expert Testimony

50.     The parties agree that the Court should rule at trial on any objections to expert testimony as beyond the scope of prior expert reports or Rule 26 disclosures (in the case of witnesses for whom an expert report is not required), and that a failure to object to expert testimony as beyond the scope of prior expert reports or disclosures waives the objection as to that testimony. The time taken to argue and decide such objections will be charged to the losing party.

## VIII.   EXHIBITS

### A.     Trial Exhibits

51.     The joint list of exhibits that the parties intend to offer at trial is set forth in **Exhibit 12**. The parties shall provide a completed AO Form 187 exhibit list to the Court on the first day of trial.

52.     Plaintiffs' list of exhibits that they intend to offer at trial, with Boston Scientific's objections, is **Exhibit 13**.

53.     Boston Scientific's list of exhibits that it intends to offer at trial, with Plaintiffs' objections, is **Exhibit 14**.

54.     **[Boston Scientific's Position:** In view of the Court's bifurcation order, certain exhibits will only be pertinent to one of the phases.**]**

55.     This pretrial order contains the exhibits to be used in any party's case-in-chief, as well as all objections to the admission of such exhibits, neither of which shall be supplemented without approval of all parties or leave of the Court, on good cause shown. Exhibits not listed will not be admitted into evidence unless good cause is shown.

56.     Notwithstanding the foregoing, the parties agree that exhibits to be used solely for impeachment need not be included on the lists of trial exhibits or disclosed in advance of being used at trial.

57.     The parties agree to provide witness binders for each fact and expert witness for direct examination.

58.     Exhibits may be introduced via video deposition testimony. Any party that has used an exhibit with the witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence, by exhibit number. Except as provided by Federal Rules of Evidence and provided below with respect to opening statements, exhibits may not be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence. Once admitted, counsel may publish exhibits to the jury without requesting to do so.

59.     Any trial exhibit that was produced in discovery by a party and that on its face appears to have been authored or generated by an employee, officer, or agent of the party producing such exhibit, shall be deemed authentic under Federal Rule of Evidence 901.

60.     Even if not separately listed on its own exhibit list, a party may use an exhibit from any other party's trial exhibit list.

61.     Any exhibit, once admitted at trial, may be used equally by each party for any proper purpose in accordance with the Federal Rules of Evidence.

62.     The listing of a document on a party's exhibit list or the joint exhibit list is not an admission that such document is relevant or admissible when offered by the opposing party for the purpose that the opposing party wishes to admit the document. Each party reserves the right to object to the admissibility of any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered and to the extent such objections are not deemed waived by the Court.

63.     The parties agree that any description of a document or other material on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the document or material.

64.     A party will provide exhibits to be used in connection with direct examination by 7:00 p.m. EST the day before their intended use, and objections will be provided no later than 9:00 p.m. EST the night before their intended use. If good-faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention prior to the witness being called to the witness stand.

65.     If a party intends to use an exhibit during its opening statement to which the other party has objected, the party shall disclose the exhibit(s) by 2:00 p.m. EST one (1) calendar day before opening statements. If the opposing party continues to object to any such exhibit(s), it will provide any objections to such exhibit(s) by 6:00 p.m. EST the same day, and the parties will meet and confer by 8:00 p.m. EST the same day. If good faith efforts to resolve the objections fail, the

party objecting to the exhibit(s) shall bring its objections to the Court's attention the next day before opening statements.

66.     The parties will exchange final digital copies of their exhibits, with exhibit numbers, seven (7) days before the first day of trial. The parties shall make available for inspection, at a mutually convenient time, any physical exhibits to be used at trial, labeled with an exhibit number. The final digital copy of each exhibit page will be endorsed with a unique page identifier, including the exhibit prefix, exhibit number, and page numbers of the electronic document. The exhibit prefixes shall be: "JTX" for exhibits on the Joint Exhibit List; "PTX" for exhibits on Plaintiffs' Exhibit List, and "DTX" for exhibits on Boston Scientific's Exhibit List. The page numbering shall begin at 1 for the first page of each exhibit and the numbering on each page should include the trial exhibit number and the physical page number separated by a decimal. For example, page 26 of Joint Exhibit 6 would be endorsed / paginated as either: "JTX-006.26" or "JTX-6.26".

67.     The exhibit lists indicate whether each trial exhibit has previously been marked as a deposition exhibit. To remove duplicates and improve legibility of the exhibits used at trial, the parties agree that the trial exhibit shall be treated as identical to the indicated deposition exhibit regardless of whether it bears a deposition exhibit sticker.

68.     On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each party.

**B.     Demonstrative Exhibits**

69.     The parties will exchange demonstratives intended for use in opening statements by 2:00 p.m. EST one (1) calendar day before opening statements. The parties will provide any objections to such demonstratives by 6:00 p.m. EST on the day before opening statements, and the

parties will meet and confer by 8:00 p.m. EST the same day. If good faith efforts to resolve the objections fail, the party objecting to the demonstrative shall bring its objections to the Court's attention the next day before opening statements. If any of the demonstratives change after the deadline, the party intending to use the demonstrative will promptly notify the opposing party of the change(s). No changes to opening statement demonstratives are permitted if made in response to seeing the opposing party's demonstratives.

70.     A party will provide demonstrative exhibits to be used in connection with direct examination by 7:00 p.m. EST the night before their intended use, and objections will be provided no later 9:00 p.m. EST the night before their intended use. If good faith efforts to resolve objections to demonstrative exhibits fail, the objecting party shall bring its objections to the Court's attention prior to the applicable witness being called to the witness stand.

71.     The party seeking to use a demonstrative exhibit will provide a color representation of the demonstrative to the other side in PDF format. However, for video or animations, the party seeking to use the demonstrative will provide an electronic copy to the other side, for example, by FTP transfer or secure file-sharing site. For physical demonstratives of uncommon size, the party seeking to use the demonstrative will provide a color representation as a PDF of 8.5 x 11 copies of the exhibits.

72.     This provision does not apply to demonstratives created during testimony or demonstratives to be used for cross examination, neither of which need to be provided to the other side in advance of their use. In addition, blow-ups (including retyping of text from an exhibit to increase size and legibility) or highlights of exhibits or parts of exhibits or testimony are not required to be provided to the other side in advance of their use. This provision also does not apply to demonstratives previously used at trial.

73.    The parties agree that the demonstratives that the parties intend to use at trial do not need to be included on their respective exhibit lists that are part of this Joint Final Pretrial Order.

## IX.    MOTIONS *IN LIMINE*

74.    Plaintiffs' contested motions *in limine*, Boston Scientific's oppositions, and Plaintiffs' replies are set forth in **Exhibits 15, 16, and 17**.

75.    Boston Scientific's contested motions *in limine*, Plaintiffs' oppositions, and Boston Scientific's replies are set forth in **Exhibits 18, 19, and 20**.

## X.    MISCELLANEOUS STIPULATIONS

76.    Neither party will reference at trial a person's race, religion, national origin, sexual orientation, or sexual activities.

## XI.    DISCOVERY

77.    Each party has completed discovery.

## XII.    JURORS

78.    There shall be eight jurors. The Court will conduct jury selection through the "struck juror" method, beginning with the Court reading *voir dire* to the jury panel in the courtroom, continuing by meeting with jurors individually or at sidebar and there addressing any challenges for cause, and concluding with peremptory strikes.

## XIII.    LENGTH OF TRIAL AND PROPOSED ORDER OF TRIAL

79.    The trial will be timed. The Court has ordered the parties each have 13 hours for their respective trial presentations (inclusive of argument time), for a total of 26 hours over 5 trial days. **[Plaintiffs' Position:** Plaintiffs request 15 hours per side for their respective trial presentation (inclusive of argument time) for a total of 30 hours over 5 trial days.**]** Unless otherwise noted, time will be charged to a party for its opening statement, direct and redirect examination of witnesses it calls live or by way of deposition, cross-examination of witnesses called by any other

party live or by way of deposition, closing argument, its argument on any motions for judgment as a matter of law, and all sides' arguments on objections a party raises (outside the presence of the jury) to another party's exhibits and demonstrative exhibits.

80.     The Courtroom Deputy will keep a running total of trial time used by counsel. If a party uses all of its allotted trial time, the Court will terminate that party's trial presentation.

81.     The parties propose the following order of trial for the first phase of trial: Each side will give its opening statement, beginning with Plaintiffs. Plaintiffs will then present their affirmative direct infringement. Next, Boston Scientific will present its rebuttal to Plaintiffs' direct infringement case and present its affirmative invalidity case. Plaintiffs will then rebut Boston Scientific's invalidity case. Each side will then give its summation, in the following order: **[Plaintiffs' Position:** Plaintiffs' summation, Defendant's summation, Plaintiffs' reply.**] [Boston Scientific's Position:** Plaintiffs' summation, Defendant's summation, Plaintiffs' reply as to the issue on which it bears the burden of proof (infringement), Defendant's reply as to the issue on which it bears the burden of proof (invalidity).**]**

82.     The parties propose the following order of trial for the second phase of trial: Each side will give its opening statement, beginning with Plaintiffs. Plaintiffs will then present their affirmative damages, willfulness, and indirect infringement cases. Next, Boston Scientific will present its rebuttal to Plaintiffs' damages, willfulness, and indirect infringement cases. Plaintiffs will then rebut Boston Scientific's case as to the issue of marking, if Boston Scientific has presented evidence on this issue. Each side will then give its summation, in the following order: Plaintiffs' summation, Defendant's summation, Plaintiffs' reply.

## XIV.   MOTIONS FOR JUDGMENT AS A MATTER OF LAW

83.     The parties propose that motions for judgment as a matter of law be made and argued during breaks when the jury is out of the courtroom or at the end of the day after the jury has been dismissed. The parties agree that such motions will be raised with the Court at the first break after the appropriate point during trial so that the Court may inform the parties when such motions will be heard and whether the Court wishes to receive briefing.

## XV.   AMENDMENTS TO THE PLEADINGS

84.     The parties do not seek to amend the pleadings at present.

## XVI.   SETTLEMENT

85.     The parties hereby certify that they have engaged in good faith effort to explore resolution of the controversy by settlement. *See* D.I. 236.

## XVII.   PLAINTIFFS' APPLICATION FOR JUDICIAL NOTICE

86.     **[Plaintiffs' Position:** Plaintiffs ask the Court to take judicial notice of Boston Scientific's Answer (D.I. 238) to Plaintiffs' Amended Complaint in this action and all matters set forth in **Exhibit 21** attached to this joint pretrial order. By this request, Plaintiffs ask this Court to take judicial notice that on August 30, 2022, Boston Scientific filed its Answer (D.I. 238) to Plaintiffs' Amended Complaint in this matter, and that in such answer Boston Scientific did admit or state the matters set forth in ¶¶ 4, 6, 8-47, 50-54, 56-83, 91-93, 95-96 of **Exhibit 21** attached to this joint pretrial order.**]**

87.     **[Plaintiff' Position:** "[T]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records." *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (quoting 21 Charles A. Wright & Kenneth W. Graham Jr., Federal Practice & Procedure § 5106, at 505 (1977)). Judicial notice, however, may not be used to circumvent the rule against hearsay merely because the statements are contained in a document filed with a court.

Indeed, the *Estate of Montanez* and *Contreras* cases relied upon by Boston Scientific relate to an attempt to admit hearsay evidence merely because it is contained in court records—thus the court only accepted the "existence" of those filings and not their factual assertions. However, "[n]oticing hearsay might be justifiable for some nonhearsay purpose or where it falls within an exemption or exception." 21B Charles A. Wright & Kenneth W. Graham Jr., Federal Practice & Procedure § 5106.4 (Apr. 2022 Update). Here, Plaintiffs seek the Court take notice of Boston Scientific's Answer, which includes ***judicial admissions of Defendant***. "Judicial admissions are 'admissions in pleadings, stipulations or the like which do not have to be proven in the same litigation.'" *Bedrosian v. United States Dep't of Treasury, Internal Revenue Serv.*, 42 F.4th 174, 184 (3d Cir. 2022) (quoting *Anderson v. Comm'r*, 698 F.3d 160, 167 (3d Cir. 2012)). "The rationale for recognizing judicial admissions is to reduce the number of factual issues in dispute thereby allowing the parties and the court to focus on the relevant issues." *Brasure v. Optimum Choice Ins. Co.*, 37 F. Supp. 2d 340, 344 (D. Del. 1999) "Judicial admissions serve an important purpose of promoting both judicial economy and preserving the resources and efforts of the litigants by focusing on disputed issues." *Id.* at 345; *see also Certusview Techs., LLC v. S&N Locating Servs., LLC*, 198 F. Supp. 3d 568, 579 (E.D. Va. 2016) ("[L]itigation, or the presentation of evidence on an issue, may also be foreclosed when that issue has been waived due to a judicial admission. A judicial admission includes 'intentional and unambiguous waivers that release the opposing party from its burden to prove the facts necessary to establish the waived conclusion of law.'") (quoting *Everett v. Pitt Cnty. Bd. of Educ.*, 788 F.3d 132, 141 (4th Cir. 2015)). Accordingly, the Court should take judicial notice of Boston Scientific's judicial admissions as recited in **Exhibit 21**.]

88.     **[Boston Scientific's Position:** Boston Scientific believes that Plaintiffs "Judicial Notice Application" is highly unnecessary, improper, and would waste the time of the Court in

addressing it. In particular, Plaintiffs seek to have the Court notice nearly a hundred paragraphs from Boston Scientific's Answer, but this is simply not proper for judicial notice. *See Doe v. El Dorado Union High Sch. Dist.*, 2020 WL 1307190, at *2 (E.D. Cal. Mar. 19, 2020) (finding that requests for judicial notice of a complaint and answer were "unnecessary since both of these documents are court filings of which the Court already has knowledge."); *see also Wallace v. Nationstar Mortg., LLC*, 2020 WL 7182085, at *2 (E.D. Cal. Dec. 7, 2020), *aff'd*, No. 20-17498, 2021 WL 5985579 (9th Cir. Dec. 17, 2021) ("The Court finds Plaintiff's request to judicially notice a pleading on the docket in the very same action unnecessary. Therefore, Plaintiff's request for judicial notice is denied."); *see also NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 954, 960 n.7 (N.D. Cal. 2014) ("[A litigant] need not seek judicial notice of documents filed in the same case. An accurate citation will suffice."). Even if the Court were inclined to take judicial notice of Boston Scientific's Answer—which would be entirely unnecessary—"the Court can only take judicial notice of the existence of these pleadings" and not the factual content discussed within them. *See El Dorado*, 2020 WL 1307190 at *2; *see also Est. of Montanez v. City of Indio*, 2018 WL 1989533, at *3 (C.D. Cal. Apr. 25, 2018) (". . . the Court GRANTS Defendants' requests for judicial notice *as to the existence* of Defendants' Answer to First Amended Complaint."); *see also Contreras v. Davis*, 2021 WL 2144825, at *2 (E.D. Cal. May 26, 2021) ("Moreover, just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."). And despite claiming that the application is seeking notice of the matters set forth in Boston Scientific's Answer, the application also seeks notice of numerous facts not even included in Boston Scientific's Answer and not otherwise properly subject to judicial notice. Further, Plaintiffs' improper attempt to characterize each of their purported "facts" in their application as constituting judicial admissions should be rejected.

Plaintiffs have not—for any of the over 100 purported facts in their judicial notice application—even attempted to show that these were intentional, clear, and unambiguous admissions. *Anderson v. Comm'r*, 698 F.3d 160, 167 (3d Cir. 2012) ("to be binding, judicial admissions must be unequivocal"). In addition, much of Plaintiffs' cited authority fails to support their argument that a finding of "judicial admission" is even warranted. *See Certusview Techs., LLC v. S&N Locating Servs., LLC*, 198 F. Supp. 3d 568, 580 (E.D. Va. 2016) ("the Court finds that CertusView has not demonstrated that S&N 'deliberate[ly], clear[ly], and unambiguous[ly]' waived its arguments"); *Everett v. Pitt Cnty. Bd. of Educ.*, 788 F.3d 132, 141 (4th Cir. 2015) (finding that statements in question "fall far short of deliberate, clear, and unambiguous admissions"); *Anderson v. Comm'r*, 698 F.3d 160, 167 (3d Cir. 2012) ("The doctrine of judicial admissions therefore has no application here."); *Bedrosian v. United States Dep't of Treasury, Internal Revenue Serv.*, 42 F.4th 174, 185 (3d Cir. 2022) (addressing judicial admissions made during trial, and stating "arguably some of the statements Bedrosian made in the District Court proceedings are not judicial admissions . . . ."). And none of Plaintiffs' cited authority addresses a party seeking to establish a judicial admission with respect to over 100 individual facts with no citation to the record for support. *See, e.g.*, Ex. 21, at 47, 48, 54, 83-89, 93, 96-106. Finally, such a request is procedurally improper under Local Rule 7.1.2., which requires that "all requests for relief shall be presented to the Court by motion." For these reasons, Plaintiffs' application for judicial notice is improper and should be rejected.

**IT IS HEREBY ORDERED** that this Final Pretrial Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

Dated: December 20, 2022

STAMOULIS & WEINBLATT LLC

/s/ *Stamatios Stamoulis*
Stamatios Stamoulis (No. 4606)
800 N. West Street, Third Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com

*Attorneys for Plaintiffs*
*Board of Regents, the University of Texas*
*System and TissueGen, Inc.*

FARNAN LLP

/s/ *Michael Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendant Boston Scientific*
*Corporation*

IT IS SO ORDERED this _____ day of _____, 2023.

_____
The Honorable Gregory B. Williams
United States District Judge

- 21 -

## CERTIFICATE OF SERVICE

I certify that on December 20, 2022, this document was served upon all counsel of record in this action via the Court's CM/ECF system and by electronic mail.

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis

Dated: December 20, 2022

STAMOULIS & WEINBLATT LLC

/s/ *Stamatios Stamoulis*
Stamatios Stamoulis (No. 4606)
800 N. West Street, Third Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com

*Counsel for Board of Regents, the University
of Texas System and TissueGen, Inc.*

THE SHORE FIRM (OF COUNSEL)

Michael W. Shore (*Pro hac vice*)
Chijioke E. Offor (*Pro hac vice*)
901 Main Street, Suite 3300
Dallas, TX 75202
(214) 593-9110
mshore@shorefirm.com
coffor@shorefirm.com

*Counsel for Board of Regents, the University
of Texas System and TissueGen, Inc.*

SUSMAN GODFREY LLP

Brian D. Melton (*Pro hac vice*)
John P. Lahad (*Pro hac vice*)
Corey M. Lipschutz (*Pro hac vice*)
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Tel: (713) 651-9366
Fax: (713) 654-6666

FARNAN LLP

/s/ *Michael Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Chad Drown (*pro hac vice*)
Timothy E. Grimsrud (*pro hac vice*)
Katherine S. Razavi (*pro hac vice*)
Lauren J.F. Barta (*pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
chad.drown@faegredrinker.com
tim.grimsrud@faegredrinker.com
kate.razavi@faegredrinker.com
lauren.barta@faegredrinker.com

David J.F. Gross (*pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303
Telephone: (650) 324-6700
Facsimile: (650) 324-6701
david.gross@faegredrinker.com

- 22 -

bmelton@susmangodfrey.com
jlahad@susmangodfrey.com
clipschutz@susmangodfrey.com

*Counsel for TissueGen, Inc.*

Christopher J. Burrell (*pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street NW, Suite 1120
Washington, D.C. 20005
Telephone: (202) 842-8800
Facsimile: (202) 842-8465
chris.burrell@faegredrinker.com

Melissa A. Anyetei (*pro hac vice*)
James R. Ferguson (*pro hac vice*)
Michael J. Word (*pro hac vice*)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
Facsimile: (312) 706-8503
manyetei@mayerbrown.com
jferguson@mayerbrown.com
mword@mayerbrown.com

*Attorneys for Defendant Boston Scientific*
*Corporation*