

Stamatios Stamoulis
stamoulis@swdelaw.com

**VIA CM/ECF**

January 19, 2023

The Honorable Gregory B. Williams
United States District Judge
J. Caleb Boggs Federal Building and U.S. Courthouse
844 N. King Street, Unit 26
Wilmington, Delaware 19801

   Re: *Board of Regents, The University of Texas System and TissueGen, Inc v. Boston Scientific Corporation*; Case No. 1:18-cv-00392-GBW

    **Plaintiffs' Proposed Revisions to Jury Instructions and Verdict Forms**

Dear Judge Williams:

  Plaintiffs Board of Regents, The University of Texas System and TissueGen, Inc. (collectively "University") submit three narrowly tailored additional proposed revisions to the jury instructions and verdict form.[1]

**PHASE 2 FINAL INSTRUCTION 4.5**

  Phase 2 Final Instruction 4.5 is based off Federal Circuit Bar Association Model Instruction B.5.12, which reads in relevant part (emphasis added):

> The amount you find as damages must be based on the value attributable to the patented invention, as distinct from unpatented features of the accused product or other factors such as marketing or advertising, or **[the patent holder's]** size or market position. A royalty compensating the patent holder for damages must reflect the value attributable to the infringing features of the product, and no more. The process of separating the value of the allegedly infringing features from the value of all other features is called apportionment. When the accused infringing products have both patented and unpatented features, your award must be apportioned so that it is based only on the value of the patented features, and no more.

  While Phase 2 Final Instruction 4.5 was submitted as a joint instruction, the University was under the mistaken belief that the instruction exactly tracked the model instruction. Upon further review, however, the University realized instead of filling in the name of "the patent holder" (i.e.

---

[1] The University additionally incorporates by reference the feedback it previously provided the Court regarding Phase 2 Final Jury Instruction 4.7 regarding marking. *See* D.I. 285. The University also reurges the Court adopt its prior proposed instructions and verdict forms. D.I. 268, 269, 270, 271, 272, 273.

The Honorable Gregory B. Williams
January 19, 2023
Page 2

UTBOR and TissueGen), Phase 2 Final Instruction 4.5 filled in the text "Boston Scientific's." The University initially perceived this as a likely transcription error and proposed changing the instruction to "UTBOR's and TissueGen's," however, Boston Scientific refused to agree to this modification that would make the instruction consistent with the model instruction. The University respectfully requests the Court modify the instruction consistent with the model instruction's guidance.

### **PHASE 2 FINAL INSTRUCTION 4.6**

The University maintains its objection that this instruction is entirely unnecessary. To the extent the Court determines it necessary to provide an instruction relating to non-infringing "alternatives" or "substitutes," the University contends the instruction should parallel AIPLA Model Jury Instruction 10.2.5.8 as follows:

> **4.6   DAMAGES—AVAILABILITY OF NON-INFRINGING SUBSTITUTES**
>
> In determining a reasonable royalty, you may also consider evidence concerning the availability and cost of acceptable non-infringing substitutes to the patented invention. An acceptable substitute must be a product that is licensed under the patent or that does not infringe the patent.

Boston Scientific's modification to the AIPLA model instruction is inconsistent with the law. Something may not be considered a non-infringing substitute merely because it provides "the same or comparable functionality or achiev[es] the same or a comparable result" as Boston Scientific proposes. Rather, "a non-infringing replacement product is not considered a substitute unless it is 'acceptable to ***all purchasers*** of the infringing product.' In other words, ***buyers*** must view the substitute as equivalent to the patented device." *Am. Seating Co. v. USSC Grp., Inc.*, 514 F.3d 1262, 1270 (Fed. Cir. 2008) (emphasis added); *Grain Processing Corp. v. Am. Maize-Prod. Co.*, 185 F.3d 1341, 1347 (Fed. Cir. 1999) *see also Ameritox, Ltd. v. Millennium Health, LLC*, No. 13-CV-832-WMC, 2015 WL 1520821, at *14–15 (W.D. Wis. Apr. 3, 2015). The AIPLA model reduces this confusion by removing the confusing and irrelevant language added by Boston Scientific and emphasizes that the product must be a "substitute" (i.e. interchangeable) for purchasers.

### **PHASE 1 VERDICT FORM**

The University proposes Phase 1 Verdict Form Question 1 be modified as follows:

> **QUESTION NO. 1:**
>
> Did UTBOR and TissueGen prove by a preponderance of the evidence that Boston Scientific directly infringed one or more of claims 1, 11, 17, and 26 of the '296 patent?

> "Yes" is a finding in favor of the UTBOR and TissueGen.
>
> "No" is a finding in favor of Boston Scientific.
>
> |          | YES | NO |
> |----------|-----|----|
> | Claim 1  |     |    |
> | Claim 11 |     |    |
> | Claim 17 |     |    |
> | Claim 26 |     |    |

As explained at the pretrial hearing, the jury needs to make a finding regarding direct infringement. The act of direct infringement is conduct performed by Boston Scientific, not merely a determination of whether a specific product practices all of the limitations of the asserted patent claims.

**PHASE 2 VERDICT FORM**

The University proposes that questions regarding marking in the verdict form be modified to parallel the three scenarios presented in the final paragraph of Phase 2 Final Instruction 4.7. Specifically, the University proposes new Phase 2 Question 3:

> **QUESTION NO. 3:**
>
> Did UTBOR and TissueGen prove by a preponderance of the evidence that TissueGen did not make, offer to sell, or sell products in the United States that practiced the '296 patent before November 20, 2017?
>
> "Yes" is a finding in favor of UTBOR and TissueGen.
> "No" is a finding in favor of Boston Scientific.
>
> Yes: _____        No: _____

This question only needs to be asked with respect to TissueGen because UTBOR is not alleged to have made, offered for sale, or sold any products that practice the '296 patent. The University further proposes that current Question No. 3 be renumbered Question No. 4. Current Question No. 4 may be deleted. As described in the University's submission regarding Phase 2 Final Jury Instruction 4.7 (D.I. 285), the patentee (i.e. UTBOR) is the party responsible for complying with marking. *See* 35 U.S.C. § 287(a) ("In the event of failure so to mark, no damages shall be recovered **by the patentee** in any action for infringement . . . ."). UTBOR's compliance

with marking requirements is determined by current Question No. 3. Accordingly, current Question No. 4 is unnecessary.

Respectfully Submitted,

Stamatios Stamoulis (#4606)
of Stamoulis & Weinblatt LLC

cc: All Counsel of Record (via CM/ECF)