IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOARD OF REGENTS, THE UNIVERSITY OF TEXAS SYSTEM and TISSUEGEN, Inc.<br><br>Plaintiffs,<br><br>v.<br><br>BOSTON SCIENTIFIC Corp.<br><br>Defendant. | Civil Action No. 18-392-GBW |

## MEMORANDUM ORDER

On January 25, 2023, Plaintiffs Board of Regents, The University of Texas System and TissueGen, Inc. (collectively, "Plaintiffs") served upon Defendant Boston Scientific ("BSC") a subpoena under Federal Rule of Civil Procedure 45 that requires BSC to produce representatives to testify live at trial on four topics. D.I. 284-1. BSC has moved to quash the subpoena via a letter brief. D.I. 284. For the reasons stated below, the Court grants BSC's motion in part.

BSC's letter brief asserts three grounds to quash Plaintiffs' subpoena: First, BSC argues that no provision of Rule 45 requires a company to designate a representative to testify in person on specific topics at trial. D.I. 284 at 1. Plaintiffs respond that "[m]ultiple courts permit trial subpoenas seeking corporate witnesses identified by particular topics." D.I. 287 at 1 (citing cases). Second, BSC argues that "Plaintiffs' Trial Subpoena . . . named and was served on a corporation and not a 'named person'" as Rule 45(b)(1) requires. D.I. 284 at 2. Plaintiffs respond that "person" in the Federal Rules includes a corporation. D.I. 287 at 2. Third, BSC argues that any person compelled to testify would be outside the 100 mile radius within which the Court can compel their attendance at trial. D.I. 284 at 2–3. Plaintiffs respond that BSC is a Delaware corporation and that Plaintiffs directed their subpoena to BSC, not to an individual. D.I. 287 at 2.

Rule 45 permits a subpoena to issue that "command[s] each person to whom it is directed to . . . attend and testify[,]" including at trial. Fed. R. Civ. P. 45(a)(1)(A)(iii). Both parties acknowledge the lack of Third Circuit and District of Delaware caselaw on point. *See* D.I. 287 at 1; D.I. 284 (citing primarily out-of-circuit caselaw). The decision to quash a subpoena under Rule 45 is subject to a district court's discretion. *See Shahin v. Delaware*, 563 F. App'x 196, 200 (3d Cir. 2014); *Duffy v. Kent Cnty. Levy Ct.*, 800 F. Supp. 2d 624, 627–28 (D. Del. 2011).

The Third Circuit recently explained in a non-precedential case that a subpoena, issued under Rule 45, that was served on an individual's attorney, rather than on the individual, "failed to comply with the requirements of the Rule[,]" but that this failure was not material under the Fair Debt Collection Practices Act. *Simon v. FIA Card Servs. NA*, 639 F. App'x 885, 886, 889 (3d Cir. 2016). In an earlier non-precedential case, the Third Circuit upheld a district court's decision not to hold an agency of the State of Delaware in contempt for failure of a former employee to appear for a deposition under Rule 45(e) because "[t]he responsibility for compelling a non-party fact witness to appear for a deposition rests with the plaintiff, and not the District Court or opposing counsel." *Shahin*, 563 F. App'x at 200. The Third Circuit has deferred to the plain language of Rule 45 and interpreted the Rule in light of other Federal Rules. For example, the Third Circuit explained that, prior to amendments in 1991, the plain language of Rule 45 permitted a district court to require an individual to testify and, if so compelled, to bring documents with them. *Hay Grp., Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 408 (3d Cir. 2004). Thus, the Third Circuit wrote, "nothing in Rule 45 gave the court the power to issue documents-only subpoenas to non-parties." *Id.* That plain meaning analysis proved compelling when interpreting a similar provision of the Federal Arbitration Act. *Id.* at 408–09. Similarly, the Third Circuit distinguished narrower sanctions available under Rules 37(b)(1) and 45(e), which apply to non-parties, from broader

2

sanctions available under Rule 37(b)(2), which applies only to parties. *Gen. Ins. Co. of Am. v. E. Consol. Utilities, Inc.*, 126 F.3d 215, 221 (3d Cir. 1997).

Out-of-Circuit caselaw, while more on point, has been inconsistent. In 1987, the Ninth Circuit held that a district court did not abuse its discretion when the court quashed a subpoena under Rule 45 directed towards a corporation because it had "discovered no authority . . . for the proposition that the Rule 30 standards [that permit subpoenas upon a corporation] should govern Rule 45 subpoenas of witnesses." *Donoghue v. Orange Cnty.*, 848 F.2d 926, 932 (9th Cir. 1987). In 2013, a California district court distinguished the Ninth Circuit's ruling as having "emphasized a trial court's discretion" and as coming prior to 1991 amendments to Rule 45. *See HTC Corp. v. Tech. Properties Ltd.*, 2013 WL 12166376, at *2 & n.9 (N.D. Cal. Sept. 20, 2013). That case relied, in part, *see id.*, on a 2013 case, *Conyers*, in which a district court also required a corporate party to "comply with [a Rule 45] subpoena by producing its corporate representative at trial[,]" *Conyers v. Balboa Ins. Co.*, 2013 WL 2450108, at *2 (M.D. Fla. June 5, 2013). However, the Sixth Circuit, in 2015, appeared to reject the *Conyers* decision and stated that a party which seeks to have a corporate representative testify at trial has two options: "subpoena a corporate witness who either 'resides, is employed, or regularly transacts business in person' in [the state]" or "take[] a deposition of a corporate officer during discovery for its use at trial." *Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 553 (6th Cir. 2015) (quoting Fed.R.Civ.P. 45(c)(1)(B)). The Sixth Circuit, however, held that the "subpoena failed several aspects" of Rule 45, and concluded that "the district court did not abuse its discretion in enforcing [Rule 45] as written." *Id.* at 552–53.

Here, the Court finds that the plain text of Rule 45 prohibits directing a subpoena to attend trial to a corporation and that, even if it did not, the Court would exercise its discretion to quash the subpoena. Rule 30(b)(6) permits a party to "name as the deponent a public or private

3

corporation" and "describe with reasonable particularity the matters for examination" and requires the "named organization" to "designate" an individual "to testify on its behalf . . . ." Rule 45, by comparison, nowhere mentions a corporation. Instead, Rule 45(a)(1)(A)(iii) permits a subpoena to "command each person to whom it is directed to . . . attend and testify . . . ." Even if "person" included a corporation, the lack of a provision in Rule 45 that is similar to Rule 30(b)(6) suggests no similar power was intended under Rule 45. Both the Third Circuit's focus on the plain meaning of the Federal Rules, *see Elliott v. Archdiocese of New York*, 682 F.3d 213, 225 (3d Cir. 2012) ("'[T]he Federal Rules of Civil Procedure, like any other statute, should be given their plain meaning.'" (citation omitted)), and the Sixth Circuit's analysis in *Hill* support this result.

However, even if the Court incorrectly interprets the maximum scope of its powers under Rule 45 here, the Court would still exercise its discretion to grant BSC's motion to quash. Plaintiffs indicated their interest in live testimony by Ms. Mary Beth Moynihan and Dr. Yen-Lane Chen and admitted that both "were previously designated as [Rule] 30(b)(6) witnesses . . . ." D.I. 287 at 2. Thus, Plaintiffs had the opportunity to question both witnesses at an earlier stage of the trial and may now use their depositions at trial, consistent with the Federal Rules of Evidence and Federal Rules of Civil Procedure. Plaintiffs' subpoena raises four topics: certain submissions to the Food and Drug Administration; a patent application by a BSC subsidiary; interactions between BSC and its executives, on the one hand, and TissueGen, on the other; and the "creation" of certain BSC documents. D.I. 284-1. Plaintiffs provide no reason that they were unaware of these topics during earlier phases of this litigation, so Plaintiffs could have deposed witnesses on these topics before the eve of trial. Thus, the Court would exercise its discretion to quash Plaintiffs' subpoena.

Finally, Plaintiffs ask that the Court "exercise its discretion under Federal Rule of Evidence 611(a)" to "command attendance of Mary Beth Moynihan and Dr. Yen-Lane Chen . . . ." D.I. 287

at 2–3. Under that Rule, "[t]he court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a). For example, "[d]istrict courts have discretion to impose reasonable limits on [] cross-examination" to avoid "interrogation that is repetitive or only marginally relevant." *United States v. Friedman*, 658 F.3d 342, 356 (3d Cir. 2011) (cleaned up). It is also "within the trial court's discretion to permit a defense expert to testify during the plaintiff's case in order to accommodate the schedule of the witness[.]" *Berroyer v. Hertz*, 672 F.2d 334, 339 (3d Cir. 1982) (citing Fed. R. Evid. 611(a)). Here, the Court declines to exercise its discretion to compel Ms. Moynihan and Dr. Chen to testify in person, since Plaintiffs admitted that they had an opportunity to take Ms. Moynihan's and Dr. Chen's testimony previously and may use that deposition testimony during trial. BSC has indicated that it will only call Dr. Chen by deposition, but that it may call Ms. Moynihan live. D.I. 277 at 2. If BSC calls either witness live, the Court agrees with Plaintiffs that they should be permitted to do so as well.

WHEREFORE, at Wilmington this 20th of January, 2023, **IT IS HEREBY ORDERED** that BSC's motion to quash Plaintiffs' subpoena is **GRANTED-IN-PART** and **DENIED-IN-PART**:

1. The motion to quash is **GRANTED** to the extent that Plaintiffs attempt to use the subpoena to compel BSC to produce an unidentified witness at trial to testify about previously undisclosed topics during trial similar to a Rule 30(b)(6) discovery procedure;

2. The motion to quash is **DENIED** to the extent that BSC produces its officers, Ms. Mary Beth Moynihan and Dr. Yen-Lane Chen, at trial to testify in person. If BSC intends to call or calls Ms. Moynihan or Dr. Chen to testify live at any point during the trial, then Plaintiffs shall have the opportunity to call them live as well during their case-in-chief, on cross-examination, or during rebuttal; and

3. BSC shall inform the Court, no later than the first day of trial, whether it will call Ms. Moynihan and/or Dr. Chen during Phase 1 and/or Phase 2 of the trial.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE
