# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOARD OF REGENTS, THE UNIVERSITY OF TEXAS SYSTEM and TISSUEGEN, INC., | ) ) ) ) | |
| *Plaintiffs*, | ) ) | C.A. No. 1:18-cv-00392-GBW |
| v. | ) ) ) | C.A. No. 1:18-cv-00392-GBW |
| BOSTON SCIENTIFIC CORPORATION, | ) ) ) ) | |
| *Defendant*. | ) | |

## PRELIMINARY JURY INSTRUCTIONS
## (PHASE 2)

## TABLE OF CONTENTS

Page

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | CONDUCT OF THE JURY | 2 |
| III. | BURDENS OF PROOF | 3 |
| IV. | TRIAL SCHEDULE | 4 |

## I.   INTRODUCTION

Members of the jury: Now that you have determined that Boston Scientific infringes one or more valid claims of the '296 patent, we will proceed to the second phase of the case. The general rules and guidance that I gave you at the beginning of the first phase apply equally to this phase of the case. I will give you a few additional instructions now.

In this phase, UTBOR and TissueGen contend that Boston Scientific's infringement was willful. In this phase of the case, you will also need to decide whether Boston Scientific had knowledge of the patent and intended to induce infringement of the '296 patent. Boston Scientific denies that its infringement was willful and denies that it had knowledge of the patent and intended to induce infringement. In this phase, you will also need to decide the amount of money damages to be awarded to the UTBOR and TissueGen to compensate them for Boston Scientific's infringement which you already found during the first phase of the case.

During this phase, you must not revisit or reconsider your prior determinations that one or more claims of the '296 patent are infringed or that the claims of the '296 patent are not invalid. You may consider evidence presented in the first phase to determine the issues of willfulness, damages, and inducement in this phase. I will give you more detailed instructions on the law with respect to willfulness, damages, and inducement at the end of this phase.

1

## II.  CONDUCT OF THE JURY

I will now remind you about your conduct as jurors. All of the instructions I gave you at the beginning of Phase 1 apply equally to this phase. So you must not talk about the case with each other or with anyone else until you retire to the jury room to deliberate. And you must not read or listen to anything about this case that is not admitted into evidence or do any outside research. Again, do not reach any conclusions on the claims or defenses until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

## III. BURDENS OF PROOF

Plaintiffs UTBOR and TissueGen have the burden of proving willful infringement, the amount of money damages, and induced infringement by a preponderance of the evidence. Plaintiffs UTBOR and TissueGen must produce evidence which, when considered in light of all of the facts, leads you to believe that what UTBOR and TissueGen claim is more likely true than not. To put it differently, if you were to put UTBOR's and TissueGen's evidence on one side of a scale and Boston Scientific's evidence on the opposite side, the evidence supporting UTBOR's and TissueGen's claims would have to make the scales tip slightly on their side. This is the same burden of proof that you applied in the first phase of the trial as to infringement.

## IV. TRIAL SCHEDULE

The second phase of the trial will now begin. It will follow roughly the same format as the first phase. First, each side may make an opening statement. Then each party will present evidence. Plaintiffs UTBOR and TissueGen will go first because they have the burden to prove the amount of money damages they are owed, as well as willfulness and induced infringement.

Following that, Boston Scientific will present evidence in order to show UTBOR and TissueGen have not met their burden to prove the amount of damages, willfulness, and induced infringement.

Once all the evidence has been presented, the attorneys will again present to you closing arguments to summarize and interpret the evidence for you. Opening statements and closing arguments are not evidence. Then, after I give you final instructions on the law that applies to this phase of the case, you will retire to the jury room to deliberate on your verdict.